UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NORA GEORGE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:12-CV-369 RLM-MGG |
| | ) | |
| JOHNSON & JOHNSON, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Johnson & Johnson and Ethicon, Inc. moved for partial summary judgment on Counts I-IV of the second amended complaint contending that: (1) the plaintiff's common law claims are subsumed by the Indiana Products Liability Act and should be dismissed or merged into a single cause of action under the Act; no evidence supports the defective manufacturing claim asserted in Count I, so that claim should be dismissed on the merits; and (3) any contract-based breach of warranty claim asserted in Count IV should be dismissed on the merits because there's no evidence of pre-suit notice and privity and it's barred by the applicable statute of limitations, IND. CODE § 26-1-2-725(1), (2). Plaintiff Nora George agrees, but asks the court to treat the remaining claims asserted in Counts I-IV as individual IPLA claims, rather then merging them into a single claim and dismissing the common law claims with prejudice, as defendants propose.

Ms. George can't amend her complaint through arguments made in response to a summary judgment motion, Griffin v. Potter, 356 F.3d 824, 830 (7th Cir. 2004); Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002), but making her

file a third amended complaint at this late stage of the proceedings promotes form over substance. The defendants don't contend that they would suffer any prejudice if the common law claims are treated as IPLA claims and assented to the same in their motion.

Accordingly, the court:

(1) GRANTS the defendants' motion for summary judgment [Doc. No. 57] with respect to the defective manufacturing claim alleged in Count I and the contractually based breach of express warranty in Count IV; DISMISSES those claims with prejudice; and DENIES the motion in all other respects; and

(2) GRANTS the plaintiff leave to amend her complaint by interlineation under Fed. R. Civ. P. 15(a)(2).  From this point forward, the court and the parties will treat the remaining common law claims asserted in Counts I-IV as if they were brought under the Indiana Product Liability Act, Ind. Code § 34-20-1-1 *et seq.*.

SO ORDERED.

ENTERED:   August 3, 2020

　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　United States District Court